UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAMMY L. ZICCARDI,

        Plaintiff,

    v.                             Case No:  6:16-cv-1527-Orl-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## OPINION AND ORDER

Plaintiff, Tammy L. Ziccardi, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*.  In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

## C. Procedural History

Plaintiff protectively filed an application for a period of disability and DIB on August 20, 2013, alleging a disability onset date of February 24, 2011. (Tr. 126, 271). Plaintiff's claim was denied initially on December 4, 2013, and upon reconsideration on March 11, 2014. (Tr. 156-58, 163-67). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Valencia Jarvis on September 24, 2015. (Tr. 41-111). On November 25, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 20-33). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on June 29, 2016. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on August 26, 2016. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

## D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 24, 2011, the alleged onset date. (Tr. 22). At step two, the ALJ found that Plaintiff had the following severe impairments: major depression, posttraumatic stress disorder (PTSD), diverticulitis, and irritable bowel syndrome. (Tr. 22). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or

medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> lift and/or carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. The claimant has the ability to understand, remember, and carry out short, simple work instructions and occasionally interact with coworkers and the public.

(Tr. 24). At step four, the ALJ found that Plaintiff was not capable of performing her past relevant work as an administrative assistant, research assistant, and mental health program assistant. (Tr. 31).

At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in the national economy in significant numbers that Plaintiff can perform. (Tr. 32). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform the jobs of laundry worker, dining room attendant, and packager. (Tr. 32). The ALJ concluded that Plaintiff was not under a disability from February 24, 2011, the alleged onset date, through November 25, 2015, the date of the decision. (Tr. 33).

## II.    Analysis

Plaintiff raises a single issue on appeal: whether the ALJ properly weighed the medical opinions of record based on an adequate rationale and substantial evidence at each step of the sequential analysis. (Doc. 21 p. 16). Plaintiff argues that the ALJ erred by failing to properly consider Plaintiff's mental impairments at step 2 and step 3 of the sequential evaluation process. (Doc. 21 p. 17). Further, Plaintiff contends that the RFC assessment conflicts with the opinions of multiple physicians and a nurse practitioner and the ALJ improperly rejected these opinions.

(Doc. 21 p. 20-26). In response, Defendant argues that the record provides substantial evidence to support the ALJ's step two and three findings, and the ALJ's RFC finding. (Doc. 21 p. 26-28).

The Court begins with Plaintiff's argument that the ALJ erred at step two and step three by improperly evaluating Plaintiff's mental limitations. Federal regulations require an ALJ to use the "special technique" dictated by the PRTF for evaluating mental impairments. 20 CFR § 404.1520a. The special technique requires separate evaluations on a four or five point scale, depending on which functional area is being evaluated, of how the Plaintiff's mental impairment impacts the following functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation." 20 CFR § 404.1520a. Subsequently, depending on whether the mental impairment is none, mild, moderate, marked, or extreme, or regarding episodes of decompensation, a one, two, three, four or more, the Plaintiff's condition is labeled as either severe or non-severe. 20 CFR § 404.1520a.

In this case, Plaintiff presented a colorable claim of mental impairment. Thus, the ALJ was required to complete a PRTF or incorporate its mode of analysis into her findings. In her decision, the ALJ incorporated the PRTF's mode of analysis:

> [i]n activities of daily living, the claimant has **mild restriction**. She testified that she gets up in the morning and makes coffee. The claimant stated she does housework and laundry. She takes dogs to the backyard. The claimant reported that she likes to read short stories. In social functioning, the claimant has ***moderate difficulties***. She alleged she has difficulty leaving the house, but she does go out. The claimant does engage in social interaction with others on a regular basis (Ex. 12E/5). She has never been fired or laid off from a job due to problems getting along with other people (Ex. 12E). With regard to concentration, persistence, or pace, the claimant has ***moderate difficulties***. She is generally oriented to time, place, and person (Ex. 2F, 3F/129). Her memory is intact as well as her judgment and insight (Ex. 2F, 3F/129). Despite reports from the claimant's mental health treatment providers, she has no more than moderate limitation in this area as she made improvements with consistent treatment. As for episodes of decompensation, the claimant has experience ***no episodes of decompensation***, which have extended, according to the

- 6 -

medical evidence of record. Because the claimant's mental impairments do not cause at least two "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "paragraph B" criteria are not satisfied.

(Tr. 23-24) (emphasis in original).

Plaintiff contends that the ALJ erred by failing to consider the medical records in reaching this decision, specifically, the opinions of Richard J. O'Halloran, Ph.D. which are at odds with the ALJ's findings. (Doc. 21 p.17). For example, Plaintiff notes that Dr. O'Halloran opined that Plaintiff had symptoms of acute depression and anxiety that were "highly disruptive of her activities of daily living;" that Plaintiff "is emotionally numb and withdrawn, disconnected from life and others in general;" and that Plaintiff experienced "rapid and extreme manifestations of psychological decompensation." (Doc. 21 p. 17).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc Sec.,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists

when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In her decision, the ALJ specified that Dr. O'Halloran's opinion was accorded little weight because it appeared to be based on Plaintiff's self-reports and did not take into consideration Plaintiff's improvement with appropriate treatment. (Tr. 28).  Plaintiff offered the same reasons for according little weight to the opinions of Diane DiGeronimo, LCSW, and James Hunt, M.D. (Tr. 28).  The ALJ, in a thorough review of the record, supported her decision by noting that Plaintiff's psychological reports indicate that she showed improvement with medications geared to alleviate her psychological symptoms and, although she has some limitations, they are not marked or extreme. (Tr. 28-29).  For example, the ALJ noted that in October 2013, Plaintiff's husband reported that he had not noticed any problem in the claimant's ability to handle changes in routine, that she had never been laid off for problems getting along with other people, that she could drive and go out alone, that she could wash clothes for her son and assist in making sure he had meals. (Tr. 28).  Further, the ALJ noted that Plaintiff, considering volunteering, filled out a detailed function report providing that she makes simple meals, tries to go outside every day, tried to walk, drives when she has to, rides a bicycle with her husband accompanying her, shops in stores, paid bills, counted change, handled a savings account and used a checkbook with reminders among other things, suggesting she would be able to perform unskilled work. (Tr. 28).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356,

1358 (11th Cir. 1991).  Here, Plaintiff has failed to show that substantial evidence does not support the ALJ's analysis of the medical record.  Accordingly, the Court will not disturb the ALJ's findings on review.

## III.  Conclusion

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 22, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties